Marvis **STENSLAND**, Respondent,

v.

**COUNTY OF FARIBAULT**, Appellant.

No. C6–83–907.

Supreme Court of Minnesota.

March 29, 1985.

---

D. Gerald Wilhelm, Fairmont, for appellant.

Charles K. Frundt, Blue Earth, for respondent.

WAHL, Justice.

Faribault County appeals from the judgment of the Faribault County District Court entered May 20, 1983, holding that the action of the County Board of Commissioners of Faribault County (county board) in establishing the annual salary of County Recorder Marvis Stensland (Stensland) for the year 1983 at $20,000 was in unreasonable disregard of the responsibilities and duties of that office and that an annual salary of not less than $25,000 was reasonable compensation for the person charged with the responsibilities and duties of that office. We affirm in part, reverse in part, and remand.

Stensland, who had served 12 years as deputy county recorder, was elected by the voters of Faribault County in November 1982 to succeed retiring county recorder, Marvin Nelson. At the time of his retirement in 1982, Nelson, who had been in office for 16 years, received a salary of $26,508. In 1982 the county auditor received a salary of $33,440; the county treasurer received $30,996; the county sheriff received $25,224. Each officer had received automatic cost-of-living increases during his tenure in office. For 1983, the county board authorized an automatic increase of approximately 4%. The county auditor's salary was thereby increased to $34,248; the county treasurer's to $31,800; the county sheriff's to $26,028, and the county attorney's to $23,364. Had Nelson remained in office in 1983, his automatic cost-of-living raise would have brought his salary to $27,308.

In January 1982 the county board resolved, pursuant to Minn.Stat. §§ 384.151, 385.373, 386.015, 387.20, and 388.18 (1980), that the minimum salaries of the county auditor, treasurer, recorder, sheriff, and attorney, were to be set at not less than $20,000 each. In January 1983 the county board set the salary of newly-elected recorder Stensland at $20,000.

Stensland appealed to the district court, pursuant to Minn.Stat. § 386.015, subd. 7 (1984), for a review of the reasonableness of the salary set for her. The case was tried, as suggested by this court in *Amdahl v. County of Fillmore*, 258 N.W.2d 869, 874 (Minn.1977), with oral testimony and full dialogue as to the basis of the county board's decision. The trial court denied the county board's motion for a directed verdict at the close of Stensland's case. The court then found from all of the evidence that the method used to set Stensland's salary was contrary to law, in that the county board had set the salary in an arbitrary and capricious manner by failing to take into consideration the duties and responsibilities of the office. The trial court also found that an annual salary of not less than $25,000 was reasonable compensation for the person charged with the responsibilities and duties of the office and remanded the matter for action by the

county board not inconsistent with these findings.

The county board raises these issues on appeal:

1. Whether the trial court properly denied the county's motion for a directed verdict;

2. Whether the trial court erred in finding as a matter of law that the action of the county board in establishing the recorder's salary was in unreasonable disregard of the responsibilities and duties of the office.

3. Whether the trial court properly established the reasonable minimum salary for the office of recorder at $25,000.

■■■ 1. We find no error in the trial court's denial of the county board's motion for a directed verdict. A motion for directed verdict is to be granted only if the evidence is insufficient to sustain a verdict for the non-moving party, Minn.R.Civ.P. 50.01, with all evidence and the inferences therefrom taken in the light most favorable to the nonmoving party. *Midland Nat. Bank, etc. v. Perranoski,* 299 N.W.2d 404, 409 (Minn.1980). Stensland had the burden of proving that the determination of the county board in setting her salary was "arbitrary, capricious, oppressive or in unreasonable disregard for the responsibilities and duties of said office." Minn.Stat. 386.015, subd. 7 (1984). She offered evidence which, taken in the light most favorable to her position, supported the inference that, at most, the county board could have discussed the duties of the office for a short time during one meeting. Stensland also offered evidence that the county commissioners had only minimal familiarity with the duties of the recorder's office. The former recorder testified that at no time during his 16-year tenure in office did the county board ever come to him and discuss the duties of the position nor, in his opinion, did the members of the board have independent knowledge of his job. Neither did the county board discuss the duties of the office with Stensland. This evidence could be viewed as establishing that the

county board acted in unreasonable disregard for the responsibilities and duties of the office. The county's motion for a directed verdict at the close of Stensland's case was properly denied.

2. We reach now the crucial issue of this appeal: whether the trial court erred in finding that the action of the county board in establishing the annual salary of the recorder for the year 1983 was in unreasonable disregard of the responsibilities and duties of the office.

■■■ The setting of the rate of compensation for county officials, except where those officials are officers of the court, is a legislative function to be exercised by the county board. *Amdahl v. County of Fillmore,* 258 N.W.2d 869, 873 (Minn.1977). It is not for the trial court, nor for this court, to substitute its discretion for that of the county board in determining the salary of the county recorder. That the trial court was cognizant of the restraints on judicial review of a legislative determination of the county board is clear from the court's memorandum. The court stated that it had not substituted its judgment for that of the county board but had "rather examined the *method* whereby the salary was determined and found from all of the evidence that the *method* used was contrary to law as the Board of Commissioners set the salary in an arbitrary and capricious manner by failing to take into consideration the duties and responsibilities of the office" (emphasis in original). Regardless of the review conducted by the trial court, however, it is the function of this court to conduct an independent review of the record to determine whether the county board has acted arbitrarily or unreasonably in violation of the standards prescribed by law. *Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 824 (Minn.1977).

The trial court heard the testimony of four members of the five member Board of County Commissioners of Faribault County which had set Stensland's salary at $20,000 after her election to the office of county recorder. Commissioner Brown, keeping in mind the salaries of other county officials

in Faribault County, testified that he decided to pay Stensland a comparatively less salary because she was beginning her first term as a newly elected official while the county auditor and county treasurer had more tenure and experience. He took the $20,000 salary of the clerk of court into consideration because the clerk was also new, and he used the minimum salary resolution of January 1982 as a guideline without considering Stensland's experience in the recorder's office because she was new in office, too. Although Commissioner Brown considered that there were differences in the duties of the offices of the auditor, the treasurer and the recorder, he agreed that the county board passed the resolution in January 1982 setting the minimum salary of the county recorder, county auditor, county treasurer, sheriff and county attorney all at the same $20,000 level to comply with the statute and without considering the duties and responsibilities of each of the offices. Even though the county had funds to pay a higher salary, Brown said, $20,000 would be the entry level salary for a new recorder regardless of experience. Commissioner Pingry reviewed the Salary and Benefit Survey for Minnesota counties before casting a vote on the salary of county recorder. In his opinion the salary paid the retiring recorder was fair and just because new supervisors or employees never receive the same salary as a predecessor, and that $20,000 was a good salary for a beginning employee in a supervisory capacity. Commissioner Klingbeil, in considering Stensland's salary, used the salary at which the county board had hired the county assessor, the clerk of court and the AMC supervisor. In his own mind the loss of state aid was not a factor. Commissioner Beyer primarily considered the salary paid the clerk of court when he participated in the decision with respect to Stensland's salary. He testified that the minimum salary for the elected officials was based on the $20,000 figure set by the district judge as a minimum salary for the clerk of court and that if the judge had decided on $18,000, the county board probably would have gone with that.

Three of the then four testifying commissioners stated or inferred that they took the duties of the office into account in making the salary decision. The record before us, however, indicates both to us and to the trial judge who had the opportunity to hear their testimony and observe their demeanor that their consideration of the duties of the office in making the decision was summary at best. Did the county board thereby "unreasonably disregard the responsibilities and duties of said office"? Resolution of that issue turns on what constitutes "unreasonable disregard" for purposes of Minn.Stat. § 386.015, subd. 7. In cases involving salary appeals of quasi-judicial officers, we have indicated that county commissioners should be "intimately familiar" with the duties of the appealing officer to avoid a finding that the board's action was unreasonable. *Busse v. Board of County Commissioners, Sibley County,* 308 Minn. 184, 186, 241 N.W.2d 794, 796 (1976). While county recorders are not quasi-judicial officers, related considerations weigh in favor of requiring county commissioners to demonstrate more than a cursory familiarity with the duties and responsibilities of the office for their action in setting the salary for that office to be found reasonable. The electorate decides who is suitable and qualified for the office of recorder. Salary decisions made by county boards should turn principally, therefore, on the duties of the job not the qualifications of the office holder [1].

1. Rewarding or penalizing an office holder for his or her conduct is an inappropriate use of the power to set salaries. *See Benoit v. Miller,* 24 Mich. 458, 462 (1872), *Frasier v. Dundy County,* 115 Neb. 372, 374, 213 N.W. 371, 372 (1927) (fact that regularly elected officer has not performed duties of the office does not deprive him of the right to legal compensation therefore); *Galob v. Village of Hibbing,* 297 Minn. 414, 211 N.W.2d 878 (1973), 211 N.W.2d 878 (1973) (county board may not provide additional compensation to elected officials for additional "services rendered" beyond the authorized salary in the absence of an explicit contract to the contrary).

In that regard, the express mandate of the legislature that unreasonable disregard for the duties of the office is grounds for a salary appeal indicates to us that county boards are to be held to a standard of accountability on this factor somewhat higher than a passing acquaintance with the job. We, therefore, construe "unreasonable disregard" of the responsibilities and duties of the office to require, after a showing of unreasonableness by the appealing official, that the county board show that it had more than a summary knowledge of the responsibilities and duties of the office and that the responsibilities and duties of the office played a substantial part in the determination of the actual salary figure. We do not find such a showing in this case. Rather the evidence indicates that the commissioners themselves placed little emphasis on the recorder's duties in deciding the salary, that they emphasized, instead, Stensland's lack of tenure and experience in the position, and that the $20,000 figure they chose for someone new in the office of recorder was the minimum salary figure they had previously set for five elective county offices without considering the duties and responsibilities of any of those positions. We, therefore, hold that the county board acted in unreasonable disregard of the responsibilities and duties of the office in setting the recorder's salary.

3. The trial court, after determining that the county board acted in an unreasonable manner in setting Stensland's salary at $20,000, directed the county board to establish a salary at no less than $25,000. The county contends that the court, by imposing in effect a salary minimum on the county board, improperly substituted its judgment for that of the county board, contrary to principles of separation of powers. Stensland, on the other hand, maintains that the court erred as a matter of law in not setting her salary at $27,308, the salary the outgoing recorder would have been paid. We agree with Stensland that the duties of the office did not change but we also agree with the county that the sole function of the court was to determine whether or not the action of the county board violated the statutory standards. *Amdahl,* 258 N.W.2d at 876. Section 386.015, subd. 7, requires that: "If the court shall find that the board acted in an arbitrary, capricious, oppressive or unreasonable manner it shall remand the matter to the county board for further action consistent with the court's finding."

Affirmed in part, reversed in part, and remanded for further action.