**In re 1984 PINE COUNTY
ATTORNEY BUDGET.**

No. C5–84–1489.

Court of Appeals of Minnesota.

April 30, 1985.

Peter D. Bergstrom, St. Paul, for appellant.

John K. Carlson, Pine City, for respondent.

Heard, considered, and decided by LES-
LIE, P.J., and SEDGWICK and RAN-
DALL, JJ.

## OPINION

RANDALL, Judge.

The Pine County attorney appealed the
salary set by the county board for himself
and his assistant for 1984. The district
court ruled that while the board's actions
were not arbitrary or capricious, the board
had not adequately considered the duties
and responsibilities of the office. The
court made a finding that any salary below
$40,000 for the county attorney or $25,000
for the assistant county attorney would be
unreasonable, and ordered that the matter
be remanded to the board for further ac-
tion consistent with the findings. The
county board appealed. We affirm in part,
reverse in part, and remand.

## FACTS

John Carlson became Pine County attor-
ney in 1980 at an annual salary of $33,700.
The previous county attorney, with whom
the county board was dissatisfied, had
earned a few thousand more. Both parties
testified the county board has no com-
plaints about Carlson's performance, and
relations between the board and the attor-
ney's office are good.

Carlson had been a practicing attorney
for nine years in 1984. The assistant coun-
ty attorney had been a practicing attorney
for three years, all in the Pine County
Attorney's office.

When Carlson presented his proposed
1984 budget to the county board, he re-
quested a $40,000 salary for himself and a
$27,000 salary for the assistant county at-
torney. He submitted comparisons of the
salaries of county attorneys and assistant
county attorneys of similarly populated
surrounding counties. The comparisons
showed that Pine County's salaries were
substantially lower than those of other
counties. He also submitted comparisons
of the salaries of other county employees,
which showed that other professionals em-
ployed by the county had received signifi-
cantly larger increases in the past than had

the attorney. He also presented data on
the amount and type of work he and his
assistant performed. The county board, by
resolution, set his salary at $37,500, an
increase of 4.7% over his 1983 salary, and
his assistant's salary at $22,000, an in-
crease of 8.9% over the assistant's 1983
salary.

At the district court level, Carlson
presented substantially the same evidence.
The county presented evidence that the
raises given the county attorney and his
assistant were higher than the overall aver-
age raise given other county employees for
1984. Commissioners who had been in-
volved in the budgeting process testified
that they had begun by allotting each coun-
ty employee a 3% raise, and had worked
from there. They also testified they were
pleased with the county attorney's office,
knew of the amount and kind of work done
by the office, and were aware that Pine
County was paying its attorney less than
surrounding, similar counties. They testi-
fied that they felt they could not give the
county attorney or his assistant any more
than they offered without being unfair to
other county employees or county taxpay-
ers. The county admitted that it could
afford to pay the county attorney the
amount he was requesting, and the reason
it gave for not setting the salaries at the
requested level was tied to percentage rais-
es given to other county employees rather
than to the workload and duties and re-
sponsibilities of the office.

## ISSUES

I. Was the county board's decision on
the salaries of the county attorney and the
assistant county attorney made without
reasonable regard for the duties and re-
sponsibilities of the office?

II. Did the district court exceed its au-
thority by, in effect, determining a mini-
mum salary for the county attorney and
assistant county attorney?

## ANALYSIS

### I.

*Board's decision*

The statute at issue states:

The county attorney, if dissatisfied with the action of the county board in setting the amount of his salary or the amount of the budget for the office of county attorney, may appeal to the district court on the grounds that the determination of the county board in setting such salary or budget was arbitrary, capricious, oppressive or in unreasonable disregard for the responsibilities and duties of said office. * * * On the hearing of the appeal the court shall review the decision or resolution of the board in like manner as though reviewed by certiorari, except new or additional evidence may be taken. * * * If the court shall find that the board acted in an arbitrary, capricious, oppressive or unreasonable manner it shall remand the matter to the county board for further action consistent with the court's finding.

Minn.Stat. § 388.18, subd. 6 (1984). The statutes governing appeals from the salary and budget of the county auditor, county treasurer, and county recorder contain identical language. Minn.Stat. §§ 384.151, subd. 7; 385.373, subd. 7; and 386.015, subd. 7 (1984).

The Minnesota Supreme Court discussed the scope of review of both the district court in hearing the appeal from the board and the appellate court in hearing the appeal from the district court in the case of *Amdahl v. County of Fillmore*, 258 N.W.2d 869 (Minn.1977). In that case, which concerned the salary appeals of the Fillmore County sheriff, auditor, treasurer, and recorder, the court stated that

> [T]he fixing of rates of compensation for county officers and the budgets of their offices is essentially a legislative or an administrative act, not a judicial one.

*Id.*, at 873.

The role of the appellate court in reviewing the district court is also discussed in *Amdahl:*

> [I]t is our function to make an independent examination of an administrative agency's record and decision and arrive at our own conclusions as to the propriety of that determination without according any special deference to the same review conducted by the trial court.

*Id.*, at 874, *quoting Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 824 (Minn.1977). The district court's determination that the county board's action in setting the county attorney's salary and budget was without reasonable regard to the duties and responsibilities of the office is thus not binding upon this court and need not be accorded any deference. On review, this court is to determine whether the board "acted arbitrarily or unreasonably in violation of the standards prescribed by law." *Stensland v. County of Faribault*, 365 N.W.2d 224 (Minn., March 29, 1985).

The commissioners who testified at the district court level told of the process the board went through in setting salaries. They testified that they had decided on a 3% across-the-board increase for county employees, with adjustments. After the County Attorney announced he would appeal the salary, one commissioner told him he thought the raise was deserved, but wanted to let the courts give it because taxes in the county had already risen. Another commissioner told the County Attorney he also was in favor of the raise; a third said he also favored it, but wanted raises for other employees for which he could not get support from the other board members.

In the supreme court's recent decision of *Stensland v. County of Faribault*, it stated that "salary should turn principally ... *on the duties of the job* not the qualifications of the office holder." *Id.*, 365 N.W.2d at 228 (emphasis added). It further held that

> [T]he express mandate of the legislature that unreasonable disregard for the duties of the office is grounds for a salary appeal indicates to us that county boards are to be held to a standard of accountability on this factor somewhat higher than a passing acquaintance with the job. We, therefore, construe "unreasonable disregard" of the responsibilities and duties of the office to require, after a showing of unreasonableness by the appealing official, that the county board

show that it had more than a summary knowledge of the responsibilities and duties of the office and that the responsibilities and duties of the office played a substantial part in the determination of the actual salary figure.

*Id.,* 365 N.W.2d at 229. Here, as in *Stensland* (which involved the appeal of a county recorder), the county board based its salary decision on factors *other* than the duties and responsibilities of the office.

The record showed that the workload in the Pine County Attorney's office had increased substantially over several years. This increase included increased dependency and juvenile delinquency proceedings, gross misdemeanor prosecutions of repeat DWI offenders, welfare and child support enforcement proceedings, personnel and labor negotiations, civil litigation, zoning issues, and formal opinions to the county board. Despite the substantially increased workload, the total salary increases over the 1980–1984 period were markedly lower than the total percentage increases given other county elected and appointed officials. More relevant to the consideration of duties and responsibilities of the office are the comparisons of the salaries for the Pine County Attorney's office with the salaries of the county attorney's offices of similarly situated counties which have similar workloads. Pine County salaries are significantly lower.

The record also indicates the commissioners placed emphasis on making salary increases in the county attorney's office proportional with increases given other county employees and on avoiding the necessity of raising taxes rather than on the duties and responsibilities of the office. We therefore hold that the county board acted in unreasonable disregard of the duties and responsibilities of the office in setting the salaries for the county attorney and his assistant.

## II.

*Minimum salary set by trial court*

The trial court found that any salary less than $40,000 for the county attorney or $25,000 for the assistant county attorney would be unreasonable, and remanded to the county board for further action consistent with the court's findings. Such action was precisely the action taken by the trial court in *Stensland*. In that case, the supreme court found such action to be an improper substitution of the court's judgment for that of the board, contrary to principles of separation of powers. Following *Stensland,* we do likewise.

## DECISION

The county board acted in unreasonable disregard for the duties and responsibilities of the office in setting the 1984 salaries for the county attorney and assistant county attorney.

The trial court erred in directing the county board to establish the salaries at not less than $40,000 and not less than $25,000.

Affirmed in part, reversed in part, and remanded to the county board for further action consistent with this opinion.