In the Matter of the Appeal of the CROW WING COUNTY ATTORNEY on his 1993 Office Budget, as the said Budget relates to the Compensation of Assistant County Attorneys.

No. C9–95–2527.

Court of Appeals of Minnesota.

Aug. 13, 1996.

Review Denied Oct. 29, 1996.

Thomas A. Fitzpatrick, Brainerd, for Crow Wing County Board of Commissioners.

Donald F. Ryan, Crow Wing County Attorney, John J. Sausen, Assistant County Attorney, Brainerd, for Crow Wing County Attorney.

Considered and decided by LANSING, P.J., and SCHUMACHER and DAVIES, JJ.

## OPINION

DAVIES, Judge.

County board appeals the trial court's ruling that the board arbitrarily and capriciously set the county attorney's 1993 budget by disregarding both the responsibilities and duties of the office and the experience, qualifications, and performance of the assistant county attorneys. We affirm.

## FACTS

While he was Crow Wing County Attorney, John Remington Graham attempted to obtain wage increases for his assistant county attorneys. Seeking to overturn salary decisions of appellant Crow Wing County Board (the board), the county attorney first appealed the 1992 budget under Minn.Stat. § 388.18, subd. 6. That judicial appeal was dismissed as untimely.

Graham then appealed the 1993 budget under the same statute and, in 1995, a trial was held. The trial court concluded that appellant board was arbitrary and capricious in setting the county attorney's 1993 budget, having disregarded both the office's responsibilities and the assistant county attorneys' experience, qualifications, and performance. The board was ordered to make a wage determination taking into account these factors. This appeal by the board followed.

## ISSUES

I. Does Minn.Stat. § 179A.07, subd. 4 (part of PELRA), prohibit the county attorney from pursuing a judicial appeal, under Minn.Stat. § 388.18, subd. 6, of his office budget as it relates to employees who were covered by a PELRA agreement?

II. Did the county board act arbitrarily and capriciously in budgeting for assistant county attorney salaries?

## ANALYSIS

### I. Subject Matter Jurisdiction

This appeal concerns the conflict between Minn.Stat. § 388.18, subd. 6 (1994), and Minn.Stat. § 179A.07, subd. 4 (Supp. 1995), part of the Public Employment Labor Relations Act (PELRA). The former permits a county attorney to appeal to district court a county board's budget decision on salaries,[1] whereas the latter prohibits an employer from negotiating with a represented employee except through the exclusive representative. The parties do not phrase it as such, but this is essentially an issue of subject matter jurisdiction—that is, whether the district court has subject matter jurisdiction to review a board's decision on the assistant

1. The statute provides:
   The county attorney, if dissatisfied with the action of the county board in setting the amount of the county attorney's salary or the amount of the budget for the office of county attorney, may appeal to the district court on the grounds that the determination of the county board in setting such salary or budget was arbitrary, capricious, oppressive or in unreasonable disregard for the responsibilities and duties of said office, and the county attorney's experience, qualifications, and performance.
   Minn.Stat. § 388.18, subd. 6.

county attorneys' PELRA-negotiated salaries.

▮▮▮ Respondent county attorney first claims that the board is collaterally estopped from arguing that PELRA limits judicial appeals of budgetary decisions because the parties previously litigated this issue and the decision in that case has a preclusive effect. But the ruling of the district court in the dismissed 1992 action is not controlling in this appeal of the 1993 budget on the basis of res judicata, collateral estoppel, or law of the case. This is an entirely new action and the district court's decision in the previous case—decided without reaching the merits—does not control.[2] We therefore address the issue of subject matter jurisdiction.

The board argues on appeal that a unilateral wage change for the two assistant county attorneys after and outside the PELRA negotiation process—and in response to a judicial appeal—would constitute an unfair labor practice under PELRA and consequently be void. We disagree.

▮▮▮ PELRA, which was enacted after legislative authorization of a judicial appeal of county attorney budgets, neither explicitly supersedes nor mentions judicial review procedures. But in a different statute, Minn. Stat. § 43A.33 (1994), the legislature included a clause evidencing its intent that judicial appeal not be available as an alternative to the PELRA procedures. Minn.Stat. § 43A.33, subd. 3(c), states:

> In no event may an employee use both the procedure under this section and the grievance procedure available pursuant to sections 179A.01 to 179A.25.

There is no such clause in Minn.Stat. § 388.18, subd. 6. This legislative silence suggests, then, that the legislature meant for these two provisions—Minn.Stat. § 388.18 and PELRA—to co-exist, rather than for the latter provision to supersede the other by implication. This conclusion conforms with a

basic rule of statutory construction, that laws are to be construed together, if possible, to give effect to both provisions, even if they apparently conflict. See Minn.Stat. § 645.16 (1994) ("[e]very law shall be construed, if possible, to give effect to all its provisions"); Minn.Stat. § 645.26, subd. 1 (1994) ("[w]hen a general provision * * * is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both").

Reading Minn.Stat. § 388.18 and PELRA together, we believe that the legislature intended a two-tier system to determine salaries for the staff of the county attorney's office. Practically, this means that the employees get "two times at bat" with regard to their salary negotiations: one with the union and county board and the other with the county attorney and district court.

Finding that the district court did indeed have subject matter jurisdiction, we must turn to the merits of the action.

## II. Merits

▮▮▮ The substantive question, then, is whether the trial court correctly decided that the county board, in violation of Minn.Stat. § 388.18, subd. 6, arbitrarily and capriciously set the 1993 county attorney's office budget by failing to consider the responsibilities and duties of the office. On appeal, the role of this court is to review the record independently "to determine whether the county board has acted arbitrarily or unreasonably in violation of the standards prescribed by law." *Stensland v. County of Faribault*, 365 N.W.2d 224, 227 (Minn.1985) (citing *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808, 824 (Minn.1977)). In other words, we need not give special deference to the trial court. *Reserve Mining*, 256 N.W.2d at 824.

The board argues that its own actions cannot be considered arbitrary, capricious, or oppressive because the salaries of the assistant county attorneys were set through good-

---

2. The county attorney might be arguing stare decisis. Stare decisis does not, however, give trial-level decisions a preclusive effect on appeal. *But see* John E. Simonett, *The Common Law of Morrison County*, 49 A.B.A.J. 263 (1963) (focusing on Morrison County's peculiar common law in 1963, including: wills should not be executed

on Sunday; legal documents cannot be signed with ballpoint pens; and an irrebuttable presumption that all defendants in personal injury actions are insured). That Crow Wing County also has a body of controlling local common law is an idea we reject.

faith PELRA negotiations between the county and the assistant county attorneys' bargaining unit. We disagree, for mere inclusion in a group-negotiated wage increase does not automatically shield that increase from subsequent attack. *See In re Mille Lacs County Attorney Salary & Budget for 1987*, 422 N.W.2d 291, 294–95 (Minn.App. 1988) (reaching merits, then ruling that to set assistant county attorneys' salaries as part of "blanket" county employee increase, without regard to their duties, was arbitrary and capricious), *review dismissed* (Minn. June 22, 1988).

Finally, the evidence presented at trial showed that the assistant county attorneys were paid significantly less (roughly $15,000–$24,000 less) than their counterparts in similarly populated counties with notably lower workloads.[3] Furthermore, one commissioner even testified that the salary increases were set in proportion to the salary increases given other Crow Wing county employees (i.e., a standard across-the-board increase).

These facts make apparent that the board based its salary decision on factors other than the duties and responsibilities of the office. We therefore agree with the trial court that the board acted in unreasonable disregard for the duties and responsibilities of the office and the experience, qualifications, and performance of the assistant county attorneys.

## DECISION

The trial court correctly held that the board acted arbitrarily and unreasonably by not taking into consideration the assistant county attorneys' duties, experience, qualifications, and performance when it set the county attorney's 1993 office budget. We affirm the order that this matter be remanded to the board for it to make a proper

determination as to the wages of the assistant county attorneys.

**Affirmed.**

---

3. For example, in 1993, while Crow Wing County, population 44,000, had 44 serious felony cases, Goodhue and Itasca Counties, both population 41,000, had 24 and 30 serious felony cases, respectively, and Sherburne County, population 42,000, had 17 serious felony cases. In terms of juvenile delinquency cases, Crow Wing County had 152 cases, while Goodhue, Itasca, and Sherburne Counties had 91, 120, and 132 cases, respectively. As to dependency and neglect cases, Crow Wing had 129 cases, while Goodhue had 47, Itasca had 61, and Sherburne had 32.