Thomas A. **OPHEIM**, Norman County Attorney, Respondent,

v.

**COUNTY OF NORMAN**, Appellant.

No. A09–1064.

Court of Appeals of Minnesota.

July 6, 2010.

Michael D. McNair, McNair, Larson & Carlson, Ltd., Fargo, ND, for respondent.

Scott T. Anderson, Matthew J. Bialick, Ratwick, Roszak & Maloney, P.A., Minneapolis, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; MINGE, Judge; and MUEHLBERG, Judge.

## OPINION

MUEHLBERG, Judge.*

Appellant county challenges the district court's determination that the county board acted arbitrarily, capriciously, and unreasonably in setting the 2008 budget of the office of respondent county attorney. Because the district court did not err by concluding that the county board improperly set the budget: (a) without fixing the salary of an assistant county attorney, as required by Minn.Stat. § 388.10; and (b) without providing budget items for support staff and other office expenses, as required by Minn.Stat. § 388.18, subd. 5, we affirm.

## FACTS

In the district court, respondent Norman County Attorney Thomas Opheim challenged the 2008 budget of the Norman County Attorney's Office, as established by resolution of the county board of appellant Norman County. The record shows that each year, the county attorney has submitted a proposed budget for the county attorney's office, using a blank form provided by the county auditor. The proposed departmental budget has then been integrated into a total proposed budget, which has been sent to the county board. After reviewing the budget, the county board has met with department heads before approving the final budget.

For over twenty years, the custom in Norman County has been for the county board to include the salary for both the county attorney and any assistant attorney in a single line item for "salaries" in the departmental budget. The county attorney, as department head, has then allocated the salaries between himself and an assistant attorney. The budget has also included separate line items for building and facility rental and for reference books and Westlaw access. It has been a longstanding practice to include all salaries for support staff under the "building and facility rental" line item of the departmental budget.

Respondent has served as the county attorney or an assistant in that office for more than thirty years. Because the county attorney position in Norman County is a part-time position, respondent also maintains a private practice. At the time of the 2008 budgeting process, the county

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

attorney's office employed one assistant county attorney. The legal work performed by the county attorney's office represents about 1.25 full-time equivalents, which represents about 50% of the county attorney's time and 75% of an assistant county attorney's time. The assistant county attorney spends about 2,700 hours per year on county business.

Respondent had previously appealed his 2007 budget to the district court. The district court had concluded that the county board did not act arbitrarily and capriciously in setting that budget and found that respondent had not requested additional funding until after the budget process was complete. Respondent did not appeal that determination.

In late 2007, respondent participated in the budgeting process for the 2008 budget. He requested that the budget be increased by more than $112,000, to $229,337. He asked that the county board depart from past practice and designate specific line items for the assistant county attorney's salary and staff support. He also requested increased funding for Westlaw. The county board passed a fifteen-page resolution relating to respondent's budget request, approving a 2008 budget that was $20,890 more than in 2007, for a total of $138,110. The approved budget, however, did not contain separate line items for the assistant county attorney's salary or staff support, and it did not fully fund respondent's Westlaw request. The 2008 budget included a line item for attorney salaries ($67,500 in 2008) and a line item for building and facility rental ($19,000 in 2008) that included staff support.

Respondent appealed the 2008 budget to the district court. After an evidentiary hearing, the district court determined that the county board had acted arbitrarily, capriciously, and unreasonably by: (1) failing to fix or provide a salary for the assistant county attorney, as required by Minn. Stat. § 388.10 (2008); (2) failing to fix or provide a salary for staff support, as required by Minn.Stat. § 388.18, subd. 5 (2008); and (3) failing to fix or provide sufficient funding for Westlaw. The district court ordered the matter remanded for the county board to take these actions. In a separate order, the district court ordered that appellant pay respondent $10,712 for attorney fees and costs.[1] This appeal follows.

## ISSUES

I. Did the district court err by receiving additional evidence on whether the county board acted arbitrarily and capriciously in setting the budget of the county attorney's office?

II. Did the district court err by declining to apply collateral estoppel to respondent's budget challenge?

III. Did the district court err by concluding that the county board was required by statute to designate specific and adequate budget items for the county attorney's salary, clerical support, and research assistance?

IV. Did the district court err by requiring the county to pay the full amount of respondent's Westlaw expense?

V. Did the district court abuse its discretion by awarding respondent attorney fees?

1. After this appeal was filed, the county's motion for a stay pending appeal was denied, the county board issued a new budget resolution, and the district court found the county board in constructive contempt. That contempt order is beyond the scope of review in this appeal.

## ANALYSIS

### I.

 A county attorney may challenge a county board's decision setting the county attorney's salary or budget, by appealing

> to the district court on the grounds that the determination of the county board in setting such salary or budget was arbitrary, capricious, oppressive, or in unreasonable disregard for the responsibilities and duties of said office, and the county attorney's experience, qualifications, and performance.... On the hearing of the appeal the court shall review the decision or resolution of the board in like manner as though reviewed by certiorari, except new or additional evidence may be taken.

Minn.Stat. § 388.18, subd. 6. This court on review gives no special deference to the district court's decision and "conduct[s] an independent review of the record to determine whether the county board has acted arbitrarily or unreasonably in violation of the standards prescribed by law." *Stensland v. County of Faribault*, 365 N.W.2d 224, 227 (Minn.1985). The district court's ability to take new evidence does not conflict with this limited scope of review, but allows a county attorney "an opportunity ... to show factors dehors the record which [he or she] believe[s] affected the board's decision, revealing as arbitrary or capricious the board's action which might otherwise appear reasonable." *Amdahl v. County of Fillmore*, 258 N.W.2d 869, 874 (Minn.1977).

 Appellant argues that the district court erred by denying the county board's motion for summary judgment and taking additional evidence in respondent's budget appeal. This court may review an otherwise nonappealable interlocutory order, such as an order denying summary judg-

ment, if the order involves the merits or affects the judgment. *Thuma v. Kroschel*, 506 N.W.2d 14, 19 (Minn.App.1993), *review denied* (Minn. Dec. 14, 1993); *see also* Minn. R. Civ.App. P. 103.04.

In considering a district court's determination on a motion for summary judgment, this court reviews de novo whether a genuine issue of material fact exists and whether the district court erred in its application of the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 77 (Minn. 2002); *see* Minn. R. Civ. P. 56.03. Appellant asserts that no material factual dispute existed as to whether the county board acted arbitrarily and capriciously in setting the budget. Appellant claims that "[t]he record overwhelmingly demonstrates that" in setting the 2008 budget of the county attorney's office, the county board considered the responsibilities and duties of the county attorney's office, as well as the experience, qualifications, and performance of the county attorney. Appellant asserts that, in view of the deferential standard of review to be accorded the county board's decision, the district court erred by receiving additional evidence.

But summary judgment is inappropriate to resolve issues of fact. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981). The appeal to the district court raised not only legal issues, but also questions of material fact relating to whether, in setting the 2008 budget, the county board unreasonably disregarded the duties and responsibilities of the county attorney's office in its determination of salaries and related expenses. The district court properly examined these matters more closely by conducting an evidentiary hearing, at which respondent was entitled to present additional information supporting his position. *See Amdahl*, 258 N.W.2d at 874.

## II.

Appellant argues that the district court erred by failing to apply principles of collateral estoppel to preclude respondent's budget challenge, arguing that the challenges to the county board's method of allocating the county attorney's office budget were litigated and decided in the appeal from the 2007 budget. The doctrine of collateral estoppel, or issue preclusion, prohibits a party from litigating previously adjudicated issues. *Nelson v. Am. Family Ins. Group,* 651 N.W.2d 499, 511 (Minn. 2002). "Collateral estoppel applies when (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue." *Id.* (quotation omitted). Whether collateral estoppel applies is a mixed question of law and fact and is reviewed de novo. *Falgren v. State, Bd. of Teaching,* 545 N.W.2d 901, 905 (Minn.1996).

Appellant argues that the district court in the appeal from the 2007 budget made several findings that should also apply to this appeal: (1) that the board understood the duties and responsibilities of the county attorney's office when it set the 2007 budget; (2) that a single line item for salaries had, in the past, been intended to compensate both the county attorney and any assistant county attorney; and (3) that the portion of the budget itemized as building and facility rental had, in the past, been intended to compensate the county attorney for the salaries of support staff on county business. Appellant argues that, by implication, these findings should apply equally to the 2008 budget. *See Gollner v. Cram,* 258 Minn. 8, 11, 102 N.W.2d 521, 523 (1960) (stating that "where [a] determination is necessarily implied in [a] verdict, the doctrine of collater-

al estoppel may apply regardless of whether any specific findings are made").

But the district court concluded in the appeal of the 2007 budget that respondent had failed to request the contested items before the budget was approved. The district court's order in the 2007 budget appeal did not address respondent's current arguments: that Minn.Stat. § 388.10 requires the county board to fix a salary for any assistant county attorney and that Minn.Stat. § 388.18, subd. 5, requires the county board to provide a budget for support staff and Westlaw. Because the issues raised and decided in the consideration of the 2008 budget appeal were not identical to those raised and decided in the 2007 budget appeal, collateral estoppel did not preclude litigation of these issues.

## III.

In reviewing the decision of the county board, this court determines whether the county board acted arbitrarily or unreasonably, in violation of legal standards. *Stensland,* 365 N.W.2d at 227. Appellant argues that the district court erred by determining that the county board was required by statute to designate specific budget items for the assistant county attorney's salary, staff support, and research assistance.

In examining a statute, this court must first determine whether the relevant statutory language is ambiguous. *Am. Tower, L.P. v. City of Grant,* 636 N.W.2d 309, 312 (Minn.2001). If a statute is clear on its face, this court engages in no further construction and applies the statute's plain meaning. Minn.Stat. § 645.16 (2008). If, on the other hand, the statutory language is ambiguous, this court may apply the rules of statutory interpretation to construe it. *Id.* A statute is ambiguous if its language is susceptible to more than

one reasonable interpretation. *Am. Tower*, 636 N.W.2d at 312.

"The county attorney of any county ... is ... authorized to appoint, with the consent of the county board of the county, one or more attorneys for assistance in the performance of duties." Minn.Stat. § 388.10 (2008). Once this appointment has been made, "[t]he county board ... shall fix the salary of [the] assistant county attorney ..., and the salary when so fixed ... shall thereafter be paid by the county in equal monthly installments ... during the period for which such salary is so fixed or [as long] as an assistant county attorney continues in office." *Id.* It is undisputed that the appointment of the assistant county attorney was approved by the county board. Once this occurred, the county board had a statutory duty to "fix" the salary of the assistant county attorney. *Id.*

Appellant argues that the term "fix" means only "to make arrangements for," so that the county appropriately "fixed" the salary of the assistant county attorney by providing a budget line item for all salaries. To "fix" may mean either "to announce" or "to establish." *Black's Law Dictionary* 712 (9th ed. 2009). Therefore, the term "fix," taken by itself, is ambiguous. But the statute relating to assistant county attorney compensation specifies not only that the county board "shall fix" the salary, but also that this salary be paid "in equal monthly installments" for the period the salary is fixed or while the assistant county attorney is in office. Minn.Stat. § 388.10. The inclusion of the language "equal monthly installments," read in conjunction with the portion of the statute that requires the county board to "fix" the salary of an assistant county attorney, signifies that the salary of the assistant county attorney is a discrete budget item, which must be paid by the county during the period for which it is allocated. Thus, the plain language of the statute indicates that the county board is required to specify in its budget a separate line item for the salary of any assistant county attorney.

Appellant also challenges the portion of the district court's order requiring the county board to provide budget items for staff support and for Westlaw. Each year, "[t]he county board by resolution shall provide the budget for ... the salary of the county attorney, any assistant county attorneys and employees in the county attorney's office; ... [and] other expenses necessary in the performance of the duties of the office...." Minn.Stat. § 388.18, subd. 5.

Appellant argues that the use of the statutory phrase "provide the budget for" in Minn.Stat. § 388.18, subd. 5, is ambiguous and less specific than to "fix," so that the county board need not designate specific line items for those categories. *See id.;* Minn.Stat. § 388.10. But Minn.Stat. § 388.18, subd. 5, relates, in part, to the salary of the assistant county attorney and must be read consistently with Minn.Stat. § 388.10, which requires the county board to specifically designate the salary of the assistant county attorney. *See* Minn.Stat. § 388.10. And it is reasonable to construe the additional categories in Minn.Stat. § 388.18, subd. 5, as subject to the same requirements. *See In re Welfare of Children of N.F.*, 749 N.W.2d 802, 807 (Minn. 2008) (noting doctrine of in pari materia, by which statutes with common subject matter and purposes are construed together).

 Appellant also argues that the word "shall" as used in both statutes is not mandatory, but directory. Generally, "[s]hall is mandatory." Minn.Stat. § 645.44, subd. 16 (2008) (quotation marks omitted). The provisions of Minn.Stat. § 388.10 and Minn.Stat. § 388.18, subd. 5,

are mandatory as defined in the context of statutory interpretation. *See* Minn.Stat. § 388.18, subd. 6 (stating appeal procedure from county board's resolution setting budget of county attorney's office); *see also Hans Hagen Homes, Inc. v. City of Minnetrista,* 728 N.W.2d 536, 541 (Minn. 2007) (noting that statutory timing provision that included a consequence for non-compliance was mandatory). Therefore, the county board acted in violation of legal standards by failing to provide specific budget items for the assistant county attorney and for other expenses, including staff support.

▬ The district court also specifically [found] that any information demonstrating the workload of the Office of the Norman County Attorney (including the substantial information primarily relating to [the] Assistant County Attorney ...) is ... inferred to demonstrate the need for appropriate funding for all expenses necessary to fulfill the duties of the Norman County Attorney, including Westlaw and other legal materials and resources.

We agree with the district court and conclude that in this context, "appropriate funding" means sufficient funding to enable the performance of the duties of the county attorney's office. *See* Minn.Stat. § 388.18, subd. 6 (stating, as ground for appeal of county attorney's office budget, an "unreasonable disregard for the responsibilities and duties of [that] office").

▬ We agree with the district court that the 2008 line item for county attorney salaries, which provided $67,500 for the salaries of both the county attorney and the assistant county attorney, is unreasonable, based on the time spent by the county attorney and the assistant county attorney on county business. We also agree with the district court that the $19,000 budget line item for rent (which

was traditionally used to pay for support staff) is also unreasonable. And the $4,000 line item for reference books is also not reasonable.

"[U]nreasonable disregard of the duties of the office" requires that, after an official demonstrates unreasonableness, "the county board [must] show that it had more than a summary knowledge of the duties and responsibilities of the office and that the duties and responsibilities of the office played a substantial role in the determination of the actual salary figure." *Stensland,* 365 N.W.2d at 229 (quotation marks omitted). Appellant argues that the record demonstrates that the county had more than a summary understanding of the duties and responsibilities of the county attorney's office in setting the 2008 budget. Appellant points out that: (1) respondent furnished the county auditor with information about his job responsibilities and those of the assistant county attorney, as well as salaries of county attorneys in other counties; (2) the board members reviewed this information before passing the budget; and (3) the county auditor contacted other counties to obtain copies of the budgets for their county attorneys' offices.

But the transcripts of the meetings at which the county board considered respondent's budget request indicate that the county board primarily discussed the traditional method of budget allocation, as well as the impact on county taxes if respondent's budget request were granted. One board member stated that adopting respondent's proposed budget would require about a three percent increase in the county's budget levy. The budget resolution indicates that Norman County "has run budget deficits in three of the four budget years 2004–2007." In contrast, the board conducted only minimal discussion relating to the duties of the office and no

discussion relating to reasonable compensation for the assistant county attorney and support staff. In its budget resolution, the county board determined that the information on salary amounts and budgets from other counties "var[ied] widely" and was "of limited utility," so the county board did not consider it in reaching the budget decision.

■ It is not unreasonable for a county board to consider the burden of taxation and levy limits in determining a budget for the county attorney's office. *See Amdahl,* 258 N.W.2d at 876. Nonetheless, a county board acts in unreasonable disregard of the duties and responsibilities of the county attorney's office when it sets salaries significantly lower than those in similarly situated counties with similar workloads. *In re 1984 Pine County Attorney Budget,* 366 N.W.2d 708, 711 (Minn.App.1985). Although the county board in this case had information relating to the budgets of county attorneys' offices in other counties, it expressly declined to consider that information in setting the budget. Thus, the record does not show that in setting its budget, the county board demonstrated "more than a summary knowledge of the responsibilities and duties of the [county attorney's] office." *See Stensland,* 365 N.W.2d at 229. We agree with the district court that the county board acted arbitrarily, capriciously, and in disregard of the duties of the office of county attorney by: (1) failing to follow the statutory requirements for fixing a salary for the assistant county attorney; (2) failing to provide a sufficient budget for staff support or Westlaw, and (3) failing to demonstrate, in its budget determination, more than a summary knowledge of the duties and re-

sponsibilities of the county attorney's office.

## IV.

■ Appellant maintains that the district court erred by failing to apply the doctrine of equitable estoppel to respondent's budget challenge, arguing that respondent had previously supported the practice of including multiple obligations in a single line item and failing to designate specific line items for an assistant county attorney and staff support. "Equitable estoppel is an affirmative defense which must be raised in the pleadings or litigated at trial by the consent of the parties." *Spinnaker Software Corp. v. Nicholson,* 495 N.W.2d 441, 445 (Minn.App.1993), *review denied* (Minn. Mar. 30, 1993); *see* Minn. R. Civ. P. 8.03. Appellant's answer did not raise this defense, and although it was discussed in posttrial memoranda, the district court did not address this issue. We therefore need not consider it on appeal. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (stating that a reviewing court generally considers only issues presented to and considered by district court). Similarly, we decline to consider appellant's argument, raised for the first time on appeal, that respondent would be unjustly enriched by a successful budget challenge.[2] *See id.*

■ Appellant also challenges the district court's determination that the county was required to pay the full amount of respondent's Westlaw expense, arguing that the full amount of that expense was not "necessary in the performance of the duties of the office" because respondent

---

**2.** Respondent did not challenge, and the district court did not address, the sufficiency of respondent's salary as county attorney. Although we recognize that reasonable grounds for dispute exist as to the amount of his salary, we decline to express an advisory opinion on this issue. *See Zobel & Dahl Constr. v. Crotty,* 356 N.W.2d 42, 47 (Minn. 1984) (stating that an appellate court does not render advisory opinions).

■■■■■■■■■■■■■■■■■■■■■■■

also used Westlaw in his private practice. *See* Minn.Stat. § 388.18, subd. 5. Here the record shows that respondent was billed a monthly fixed cost for Westlaw, and he requested a budget amount of 75% of that cost from the county. Respondent's Westlaw usage was not shown to be other than that in his budget request. Based on this record, the district court did not err by requiring the county to pay the full amount of respondent's Westlaw expense.

### V.

■■■■■■ Appellant challenges the district court's grant of attorney fees to respondent. Although attorney fees are not generally available absent "specific statutory or contractual authorization[,]. . . . a narrow exception" to that rule permits an award of attorney fees when a county official litigates in an "official capacity for the benefit of the county." *Busse v. Bd. of County Comm'rs,* 308 Minn. 184, 190, 241 N.W.2d 794, 798 (1976). In such a suit, the district court has discretion to award attorney fees, and this court reviews the grant of attorney fees for an abuse of that discretion. *See Hoffman v. Mille Lacs County Bd. of Comm'rs (In re Mille Lacs County Attorney Salary & Budget for 1987),* 422 N.W.2d 291, 295 (Minn.App. 1988).

Appellant argues that the district court erred by awarding attorney fees to respondent because respondent is a part-time county attorney, and any increase in funding would also benefit his private practice. But respondent was acting in his official capacity as county attorney when he challenged the county board's budget for his department. *See Busse,* 308 Minn. at 190–91, 241 N.W.2d at 798. The district court properly granted attorney fees for respondent's budget appeal.

### DECISION

Because the county board acted in unreasonable disregard for the responsibilities and duties of the county attorney's office by failing to designate specific and adequate line items for the salary of an assistant county attorney, support staff, and Westlaw, the district court did not err by remanding this action to the county board to follow the requirements of Minn. Stat. § 388.10 and Minn.Stat. § 388.18, subd. 5. The district court did not abuse its discretion by granting respondent attorney fees and costs for the budget appeal.

**Affirmed.**